WM. TAYLOR *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—240.]

**Proof of Motive in Arson Case.**

It is legitimate for the state, on a trial of one charged with arson, to prove, as a motive for the accused burning a barn, that the prosecuting witness who owned the barn had, on the day before it was burned, aided the constable in trying to arrest the accused on another charge.

**Misconduct of Commonwealth's Attorney.**

When remarks are made by the attorney for the commonwealth in argument to the jury which might be prejudicial to the accused; and on objection by the accused the court sustained the objection and stated in the presence of the jury that the remarks were improper, the Court of Appeals can not conclude that the remarks were prejudicial to the accused or that they influenced the jury against him.

APPEAL FROM MARION CIRCUIT COURT.

September 11, 1883.

OPINION BY JUDGE LEWIS:

We perceive no error to the prejudice of appellant in any of the instructions given, for in our opinion they embrace the law applicable to the case.

For the purpose of showing a motive for the commission of the crime with which appellant was charged, it was legitimate for the commonwealth to prove on the trial by Miller that he was the day before his barn was burned summoned by and did accompany a constable to aid in the arrest of appellant, charged with the commission of another offense. As Miller and the constable in their search for the appellant went to his dwelling-house and made inquiry of his wife as to where he was, the jury might reasonably infer that appellant was informed of the action taken by Miller for his arrest.

The conduct of the attorney for the commonwealth in stating in

his argument to the jury that he had witnesses present in court to prove appellant a man of notoriously bad character, but could not use them because appellant was afraid to put his character before the jury, was unprejudicial. But as it appears from the record that the court sustained the objections made by appellant's counsel to the statements by the attorney for the commonwealth, and said in the presence of the jury they were improper, we do not feel authorized to conclude that the jury was unduly influenced or appellant prejudiced by the conduct of the attorney for the commonwealth.

The judgment of the court below must be *affirmed*.

*J. D. Fogle, J. R. Thomas, for appellant.*

*P. W. Hardin, for appellee.*